IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **DAVID SHAWN DAVIS,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | No. 5:24-cv-00411-MTT-CHW |
| v. | : | |
| | : | |
| **JEFFREY GRUBE,** *et al.*, | : | |
| | : | Proceedings Under 42 U.S.C. §1983 |
| Defendants. | : | Before the U. S. Magistrate Judge |
| | : | |

## ORDER

*Pro se* Plaintiff David Shawn Davis, a pre-trial detainee confined in the Houston County Detention Center in Perry, Georgia filed a complaint under 42 U.S.C. § 1983.  ECF No. 1. Plaintiff requested leave to proceed *in forma pauperis* (ECF No. 3) which was granted with the statutory provision that he pay an initial partial filing fee (ECF No. 5).  Plaintiff has paid that fee.

### PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

In accordance with the Prison Litigation Reform Act ("PLRA"), the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee.  *See* 28 U.S.C. § 1915A(a).  Here, Plaintiff is a pretrial detainee awaiting trial for state criminal charges that are pending in the Houston County Superior Court.  ECF No. 1 at 1 and 7.  Plaintiff complains that he is not being effectively represented by Defendant Grube, who is his court appointed attorney.  *Id*. at 7-11. Plaintiff further states that he is "being railroaded" and complains that none of the Defendants are helping him with his state criminal case.  Id. at 8-15

Plaintiff's complaint in its present form is not sufficient to establish a claim under 42 U.S.C § 1983. First, Plaintiff has named Defendants who are not subject to suit in a § 1983 claim. To any extent the Plaintiff is attempting to establish a claim against the prosecutors overseeing his criminal case the law is clear: "'in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983.'" *Holt v. Crist*, 233 F. App'x 900, 903 (11th Cir. 2007) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). For example, prosecutors enjoy absolute immunity when "filing an information without investigation, filing charges without jurisdiction, filing a baseless detainer, offering perjured testimony, suppressing exculpatory evidence, refusing to investigate ... complaints about the prison system, [and] threatening ... further criminal prosecutions". *Hart v. Hodges,* 587 F.3d 1288, 1295 (11th Cir.2009) (internal quotation marks and citation omitted). Plaintiff has further named his appointed attorney, Jeffrey Grube, as a Defendant. ECF No. 1 at 1 and 4. However, 42 U.S.C. § 1983 only applies to civil rights violations committed by individuals acting under color of state law. *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1581 (11th Cir. 1995). A criminal defense attorney, whether privately retained or court appointed, does not act on behalf of the State. *Polk Cty. v. Dodson*, 454 U.S. 312, 318-25 (1981); *Pearson v. Myles,* 189 F. App'x 865, 866 (11th Cir. 2006) (holding that Public Defenders, though often employed by the government and appointed by a judicial officer, are not viewed as state actors for the purpose of § 1983 when performing the traditional functions as counsel to a defendant in a criminal proceeding).

Furthermore, Plaintiff appears to be raising a malicious prosecution claim based upon the way his criminal charges have been indicted and related to his continuing criminal prosecution after he provided his "legal paperwork" to many of the Defendants. *See* ECF No.

2

1 at 7-15.   To state a claim for malicious prosecution in the Eleventh Circuit, a plaintiff must show a violation of his Fourth Amendment right to be free from unreasonable seizures as well as: "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused."   *Wood v. Kesler*, 323 F.3d 872, 882 (11th Cir. 2003).   In this case, Plaintiff does not allege that the criminal prosecution against him has terminated in his favor but indicates that it is still proceeding.   The principles of equity, comity, and federalism counsel federal abstention in deference to ongoing state court proceedings. *See Younger v. Harris*, 401 U.S. 37, 43-46 (1971); *Christman v. Crist*, 315 F. App'x 231, 232 (11th Cir. 2009) (concluding that "*Younger* abstention is required when (1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges."); *Hughes v. Att'y Gen. of Fla*., 377 F.3d 1258, 1262 (11th Cir. 2004) (concluding that federal courts consistently abstain from interfering in state criminal prosecutions unless a limited exception applies).   Because a ruling in this federal civil case could impugn the current criminal prosecution of the Plaintiff in the state courts, this federal district court must allow the state court to resolve the criminal prosecution of the Plaintiff prior to any enquiry into Plaintiff's civil rights violation claims.   *Wallace v. Kato,* 549 U.S. 384, 393-394 (2007) (concluding that if a plaintiff files a claim related to rulings that *will likely be made* in a pending or anticipated criminal trial, a district court may stay the civil action until the criminal case has ended); *Younger*, 401 U.S. 37 at 46 (finding that the fact that a plaintiff must endure a state criminal prosecution fails to demonstrate the irreparable harm required for federal court intervention).

For the reasons set forth, this Court may dismiss Plaintiff's complaint *sua sponte* for failure to state a claim for which relief may be granted. However, because Plaintiff is proceeding *pro se*, the Court will afford Plaintiff one opportunity to remedy the defects as explained herein. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam). Therefore, Plaintiff is required to submit an amended complaint if he wishes to proceed with his claims. The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit. Plaintiff is to name only actionable individuals associated with the claim or related claims that he is pursuing in this action. Plaintiff must provide enough facts to plausibly demonstrate that each Defendants' actions or omissions resulted in the violation of his constitutional rights.

When drafting his statement of claims, Plaintiff should list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) *What* did this defendant do (or not do) to violate your rights? In other words: What was the extent of this defendant's authority or role in the unconstitutional conduct?

(2) Is the Defendant a supervisory official and if so, was he/she personally involved in the constitutional violation? If not, did his/her actions otherwise cause the unconstitutional action? How do you know?[1]

(3) *How* and *when* did this defendant learn of the violation of your constitutional rights or otherwise become aware of a substantial risk that you could suffer an injury? *What* did this defendant do (or not do) in response to this knowledge?

---

[1] Sheriffs, Captains, and other supervisors are liable under § 1983 only if they personally participate in the constitutional violation, direct their subordinates to act unlawfully, or know their subordinates will act unlawfully but fail to stop them. *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir.2010); *see also Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants who failed, *inter alia*, "to afford [plaintiff] relief during the grievance process," because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation").

(4)   What permissible relief do you seek from this Defendant?

Plaintiff should state his claims as simply as possible referring only to the relevant allegations against the named defendants in this case; he also need not use legal terminology or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified.   *See* Fed. R. Civ. P. 8.

Plaintiff is hereby notified that only **one sole operating complaint** is permissible, and his recast complaint will supersede and take the place of his original complaint.   *See Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (stating that when an amended complaint is filed, the previously filed complaint becomes "a legal nullity"); *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) (citations omitted).

The Court will only consider the factual allegations and claims contained in Plaintiff's recast complaint and will not consider those facts contained in Plaintiff's original complaint. Accordingly, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing.   If Plaintiff fails to link a named Defendant to a claim, the claim will be dismissed; if Plaintiff makes no allegations in the body of his complaint against a named Defendant, that Defendant will be dismissed.   ***The complaint must be no longer than ten (10) pages in its entirety.*** Plaintiff is not to include any exhibits or attachments.

## CONCLUSION

If Plaintiff wishes to proceed with this action, he shall have **FOURTEEN (14) DAYS** from the date of this Order to recast his complaint on the Court's standard § 1983 form as instructed. While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in his mailing address.   **Failure to fully and timely comply with this Order may result**

**in the dismissal of this Complaint.** There will be no service of process in this case until further order of the Court.

The Clerk of Court is **DIRECTED** to forward Plaintiff a standard § 1983 form along with his service copy of this order (with the civil action number showing on all) for Plaintiff's use in complying with the Order of the Court.

**SO ORDERED and DIRECTED**, this 8th day of April, 2025.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge