IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DAVID SHAWN DAVIS,  :  <br> :  <br> Plaintiff,  :  <br> :  <br> v.  :  <br> :  <br> JEFFREY GRUBE,[1]  :  <br> :  <br> Defendant.  :  <br> : | Case No. 5:24-cv-00411-MTT-CHW |

## ORDER OF DISMISSAL

*Pro se* Plaintiff David Shawn Davis, an inmate confined in the Bibb County Jail in Macon, Georgia has filed an amended complaint alleging civil rights violations under 42 U.S.C. § 1983. ECF No. 11. The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this

---

[1] The Court ordered Plaintiff to recast his complaint and informed him that his recast complaint would take the place of the original complaint. ECF No. 6 at 5. Thus, Plaintiff's recast complaint (ECF No. 11) is now the operative complaint in this civil action. *See Schreane v. Middlebrooks*, 522 F. App'x 845, 847 (11th Cir. 2013) (per curiam) (noting that generally, an amended complaint supersedes the original complaint). In his recast complaint, Plaintiff removes Michael Smith, George Runyon, Brian Blanton, Michelle Westbrook, and William Kendall as Defendants. ECF No. 11 at 1 and 4. Therefore, the Clerk of Court is **DIRECTED** to terminate Michael Smith, George Runyon, Brian Blanton, Michelle Westbrook, and William Kendall as Defendants to this civil action.

1

case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Hughes*, 350 F.3d at 1160 (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted). The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'" *Id.* (citation omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'" *Twombly*, 550 U.S. at 555 (citation omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If

2

a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

Here, Plaintiff names his appointed attorney Jeffrey Grube as his Defendant. ECF No. 11 at 1 and 4. Plaintiff complains that Defendant Grube did not appropriately represent him during his criminal case in Houston County Superior Court. *Id*. at 5 and 7-11. To this end, Plaintiff complains that Defendant did not file certain motions, was dishonest about his filing of motions, and that Defendant presented him with a "strange [plea] offer" from the prosecutor. *Id*. Plaintiff states that during a court appearance on February 19, 2025, he "addressed the Judge about all that's going on" and about a week later, Defendant "withdrew from [his] case due to [Plaintiff] going to the bar and filing a civil suit." *Id*. at 11. In March 2025, Plaintiff was appointed a different attorney and his criminal case was "resolved" in April 2025. *Id*. Plaintiff seeks an investigation into the Defendant, damages, and court costs. *Id*. at 6.

In any § 1983 action, the initial question before the court is whether the essential elements of a § 1983 cause of action are present. As previously stated, § 1983 only applies to civil rights violations committed by individuals acting under color of state law. *Hale*, 50 F.3d at 1581. Indeed, "state action requires *both* an alleged constitutional deprivation caused by the exercise of some right or privilege created by the State or by the rule of conduct imposed by the State or by a person for whom the State is responsible, *and* that the party charged with the deprivation must be a person who may fairly be said to be a state actor.'" *Patrick v. Floyd Med. Ctr.,* 201 F.3d 1313, 1315 (11th Cir. 2000) (internal

quotation marks omitted) citing *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40 (1999) (emphasis in original).

However, "[i]n our system a defense lawyer characteristically opposes the designated representatives of the State" and criminal defense "is essentially a private function ... for which state office and authority are not needed". *Polk Cty. v. Dodson*, 454 U.S. 312, 318-319 (1981). So, a criminal defense attorney, whether privately retained or court appointed, does not act on behalf of the State. *See id.* at 318–24 (holding that "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983.") (internal citations and quotation marks omitted). Because Defendant's actions (or inactions) in his legal representation of the Plaintiff were not performed under color of state law, he cannot be held liable under § 1983. *See Pearson v. Myles,* 189 F. App'x 865, 866 (11th Cir. 2006) (per curiam) (holding that since Plaintiff's appointed attorney was performing traditional lawyer functions in her representation of Plaintiff in criminal proceedings, the appointed attorney was not acting under color of state law); *Moore v. Bargstedt*, 203 F. App'x 321, 323 (11th Cir. 2006) (per curiam) (holding that a state-appointed criminal defense attorney who makes an "incorrect" decision does not take "an action under color of state law"); *Francis v. Scarantino*, No. 22-10886, 2024 WL 36062, at *4 (11th Cir. Jan. 3, 2024), *cert. denied*, 144 S. Ct. 2669 (2024), *reh'g denied*, 145 S. Ct. 107 (2024) (holding that "court-appointed defense attorneys are not subject to liability under § 1983… for acts related to their representation of an indigent defendant".). Accordingly, Plaintiff's complaint is **DISMISSED without prejudice** pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be

4

granted.

**SO DIRECTED and ORDERED**, this 14th day of July, 2025.

> S/ Marc T. Treadwell
> MARC T. TREADWELL, JUDGE
> UNITED STATES DISTRICT COURT